UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-241-KSF

ROBBIE D. BROCK                                       PLAINTIFF

v.                          **OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY            DEFENDANT

\* \* \* \* \* \* \* \* \*

The plaintiff, Robbie D. Brock, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for Supplemental Security Income based on disability ("SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and decided by the proper legal standards.

I.      **OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential evaluation process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)    If the claimant is currently engaged in substantial gainful activity, he is not disabled.

(2)    If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.

(3)    If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous

1

>  period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> (4) If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.
>
> (5) Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc), he is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider his residual functional capacity, age, education, and past work experience to determine if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. § 404.1520(f).

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must

review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II.     THE ADMINISTRATIVE DECISION

Brock filed an application on March 19, 2007, alleging an onset date of April 23, 2001, which was denied initially and on reconsideration. A video hearing was held January 7, 2008, and, in a written opinion issued January 25, 2008, the ALJ denied Brock's claim for disability benefits. The ALJ's decision became final when the Appeals Council denied Brock's request for review on July 17, 2008. Brock has exhausted his administrative remedies and filed a timely action with this Court. The case is now ripe for review under 42 U.S.C. § 405(g).

At the time of the ALJ's decision, Brock was 43-years-old with a limited education. (TR 15). He has past relevant work experience as a coal truck/log truck driver. (TR 15). Brock alleges disability due to major depressive disorder, pain disorder, passive-dependent personality traits, cognitive limitations and low back pain. (TR 11).

The ALJ began his analysis at Step One by determining that Brock has not engaged in substantial gainful activity since his alleged onset date. (TR 11). At Step Two, the ALJ found that Brock suffered from major depressive disorder, pain disorder, passive-dependent personality traits, polysubstance abuse, cognitive limitations and low back pain. (TR 11). Continuing to Step Three, the ALJ determined that these impairments or combination of these impairments are not associated with clinical signs and findings that meet or equal in severity any of the listed impairments. (TR 11)

With regard to Brock's mental impairments, the ALJ determined that Brock does not meet the "paragraph B" criteria because he does not have at least two marked limitations or one marked limitation with repeated episodes of decompensation. Citing Brock's testimony at the hearing that he goes fishing, walks around the house, washes a few clothes, watches television and visits with

3

friends and that he is able to take care of his own personal needs and prepares simple meals, the ALJ found that Brock has mild restriction in the activities of daily living. (TR 12). The ALJ found that Brock has moderate difficulties in social functioning based on the opinions of Dr. Jeanne Bennett who reported that Brock goes grocery shopping with his father and that his father and cousin are his primary social contacts. At the hearing, Brock testified that his friends visit occasionally and he visits only his grandmother. The ALJ found that Brock has moderate difficulties with regard to concentration, persistence or pace based on the opinions of Dr. Bennett who reported that Brock's attention and concentration are intact, but his ability to sustain attention and concentration towards performance of repetitive tasks is moderately affected. (TR 12). The ALJ concluded that Brock had one to two episodes of decompensation and referred to one episode which resulted in admittance to the Appalachian Regional Healthcare Psychiatric Hospital for two days. (TR 12). The ALJ also considered whether the "paragraph C" criteria were satisfied and found that they were not. (TR 12). The ALJ translated the "B" and "C" criteria findings in to Brock's mental RFC at Steps 4 and 5.

At Step Four, the ALJ found that Brock was unable to perform his past relevant work. At Step Five, the final step, relying on testimony of the Vocational Expert ("VE"), and taking into consideration Brock's age, educational background, prior work experience and residual functional capacity ("RFC"), the ALJ found that Brock was capable of making a successful adjustment to work existing in significant numbers in the national economy and on this basis denied his claim for SSI.

In making his determination that Brock was not disabled, the ALJ found that Brock has the RFC to lift, carry, push or pull 20 pounds occasionally, and 10 pounds frequently and can sit six hours and stand or walk two hours each in an eight-hour workday. The ALJ found that due to chronic back pain, Brock is precluded from climbing ropes, ladders or scaffolds and limited to occasional climbing of stairs or ramps and that he is able to occasionally bend, twist, balance, stoop,

kneel, crouch or craw but pushing, pulling or the operation of foot pedal controls is limited to occasional with the left leg. Based on his findings related to the "B" and "C" criteria, the ALJ found that Brock requires entry level work with simple one- to two-step procedures and no frequent changes in work routine and is precluded from detailed or complex problem solving, independent planning or the setting of goals and that he can have only occasional interaction with co-workers, supervisors or the general public. Due to limited mobility, he is precluded from exposure to concentrated vibration or industrial hazards and precluded from fast paced assembly lines. (TR 13).

In making the RFC determination, the ALJ noted that because a claimant's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, he must consider the factors set out in 20 CFR 404.152(c) and 416.92(c). After discussing these factors, the ALJ found that Brock's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that his statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible. (TR 14). The ALJ found that the inconsistencies in the medical records and the evidence of drug seeking diminished Brock's credibility. At the hearing, in response to the hypothetical posed by the ALJ, the VE testified that Brock could perform work as a security night watchman, production hand packer, security service worker and inspecting/testing/grading/sorting work, jobs which exist in significant numbers in the national economy. (TR 16). Consequently, the ALJ determined that Brock was not disabled within the meaning of the Social Security Act

### III.   ANALYSIS

On appeal, Brock argues that the ALJ's decision was not based on substantial evidence. First, Brock argues that the ALJ's determination of his RFC was not supported by substantial evidence because the ALJ did not adopt Dr. James Templin's recommended restrictions. Brock

argues that his allegations of pain and limitations are supported by Dr. Templin's opinions which are consistent with the objective medical evidence in the record. The Commissioner argues that, while Brock had underlying medical conditions, he failed to offer objective medical evidence confirming the severity of his alleged symptoms and the record as a whole does not confirm that they were disabling. Further, the Commissioner argues that the medical evidence, including Brock's failure to seek treatment, undermines his allegations and provides substantial evidence to support the ALJ's findings.

In support of his RFC determination, the ALJ cited the opinions of Disability Determination Service physicians, Allen Dawson, M.D. and James Ramsey, M.D., that Brock had exertional limitations due to low back pain. The ALJ granted the opinions of Dr. Dawson and Dr. Ramsey great weight because they were based on the most recent medical evidence. The ALJ also cited records from consultative examiners, Dr. Templin, Dr. Bennett and Bobby J. Kidd, M.D. The ALJ considered Dr. Templin's opinions and adopted portions of his restriction recommendations. Since Dr. Templin was a one-time examining source, however, his opinions are not afforded the great deference afforded to treating physicians and it was permissible for the ALJ to consider and adopt only the portions of his opinions that are supported by the record as a whole. Further, the ALJ found that examinations by Dr. Kidd and Dr. Bennett failed to corroborate the severity of Brock's complaints. Dr. Kidd's evaluation noted that Brock walked with slow deliberate gait with stiff back but gate was not unsteady, lurching or unpredictable. (TR 243). Dr. Bennett noted that Brock "ambulated without assistive device or gait disturbance." (TR 283). The ALJ's detailed reasoning shows that the ALJ thoroughly considered Brock's subjective complaints of disabling impairments but rejected them based on the record as a whole. The Court finds that the ALJ's determination of Brock's RFC was supported by substantial evidence and was not in error.

Second, Brock argues that the RFC does not consider the impact that his mental impairments have on his ability to perform substantial gainful activity. Specifically, Brock criticizes the ALJ for giving greater weight to the opinions of one-time examiner Dr. Bennett and DDS examiners, Ann Demaree, Ph.D. and Edward Stodola, Ph.D., instead of Dr. Crouch. Brock argues that reports dated September 15, 2003, from Dr. Christopher Allen and records dated April 22, 2001 to July 10, 2001 from Dr. V. Gopal of We Medical Group support Dr. Crouch's opinions.

The ALJ afforded the most probative weight with regard to Brock's mental RFC to the mental residual functional capacity assessments of Dr. Demaree and Dr. Stodola because they were more specific and based on a more thorough evaluation. The ALJ found that their opinions were well-documented and consistent with the preponderance of the evidence. The ALJ gave very little weight to the psycho-social assessment of examining physician, Dr. Crouch, because Dr. Crouch did not have the benefit of the most recent medical evidence of record and her opinion was inconsistent with the preponderance of evidence. Based on her evaluation, Dr. Crouch diagnosed Brock with anxiety disorder, NOS, dementia due to head injury, personality change due to head injury, pain disorder associated with both psychological factors and a general medical condition, chronic back pain, status post contusion of the back, occupational problems, financial problems, interpersonal isolation, poor social/emotional support and a GAF of 40. She noted various limitations including no useful ability to remember work-like procedures or understand simple instructions and no ability to work in close proximity to others. There is no other medical evidence of such severe limitations and no evidence that Brock received treatment for such conditions. The absence of such evidence weighs against Dr. Crouch's opinions.

The ALJ also recognized that the record "reflects a myriad of psychological complaints" by Brock but found that he has little credibility due to the inconsistencies and evidence of drug seeking.

7

In support of this determination, the ALJ discussed Brock's admission to Appalachian Regional Healthcare hospital for psychiatric treatment noting that the admission was voluntary and substance induced mood disorder was diagnosed. The ALJ found that although Brock claimed he was admitted for suicidal ideations, the report denied such ideations and he was diagnosed with major depressive disorder with psychotic features and marijuana and opioid use. The ALJ noted that Brock's mental impairments may be secondary to his substance abuse history citing records from Kentucky River Community Care saying that Brock "walked out" when he was told that the personnel would not prescribe narcotic or pain medication.

After rejecting Dr. Crouch's opinions, the ALJ relied on state agency medical experts who opined that Brock does not have severe impairments relating to mental health. The ALJ is entitled to accept the opinions of state agency medical experts where a contrary medical opinion is not supported by objective medical evidence. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 686 (6th Cir. 1992). The regulations provide that "[s]tate agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in social security disability evaluation." 20 C.F.R. § 416.927(f)(2)(I). Thus, it was permissible for the ALJ to rely on the opinions of Dr. Bennett, Dr. Demaree and Dr. Stodola. Further, the ALJ gave specific reasons for rejecting Dr. Crouch's opinions including that Dr. Crouch did not have all medical evidence when she formed her opinions.

The medical records from Dr. Crouch, Dr. Allen and Dr. Gopal do not support Brock's arguments. The ALJ acts as the trier of fact and resolves any conflicts in the evidence. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971). Here, the ALJ reviewed the evidence of record and made an RFC finding. The ALJ included certain non-exertional restrictions in Brock's RFC, including limiting him for jobs requiring more than simple instructions and limiting his contact with

co-workers and supervisors, thereby giving him the benefit of the doubt. While there is some evidence in the record that Brock's alleged mental impairment impacts his ability to function as he claims, the Court cannot find that the ALJ's determination was not supported by substantial evidence.

### III. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the plaintiff's motion for summary judgment [DE #16] is **DENIED**;

(2) the Commissioner's motion for summary judgment [DE # 17] is **GRANTED**;

(3) the decision of the Commissioner is **AFFIRMED** pursuant to sentence 4 of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by the proper legal standards; and

(4) a judgment will be entered contemporaneously with this Opinion and Order.

This 27th day of July, 2009.



Signed By:
*Karl S. Forester*  KSF
United States Senior Judge